J. Williams, Jr., and Ida H. Williams v. Commissioner.
Williams v. Commissioner
Docket No. 78387.
United States Tax Court
T.C. Memo 1960-44; 1960 Tax Ct. Memo LEXIS 245; 19 T.C.M. (CCH) 221; T.C.M. (RIA) 60044; March 21, 1960
*245 J. Williams, Jr., pro se, 333 East 7th So., Salt Lake City, Utah. Norman H. McNeil, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: A deficiency in income tax of $480 for 1957 determined against petitioners is here in issue. An overpayment of $411.92 is claimed by them. The sole issue is whether petitioners are entitled to four dependency deductions claimed by them. Findings of Fact Petitioners, J. Williams, Jr., and Ida H. Williams, are husband and wife residing at 333 East 7th South, Salt Lake City, Utah. They filed their joint individual Federal income tax return for the calendar year 1957 with the district director of internal revenue for the district of Utah at Salt Lake City, Utah. On their tax return for 1957, petitioners claimed dependency credits (exemptions) for Ida Williams, Barbara Ann Daniels, Debra Cannon and Brenda Davis, as the mother and nieces of petitioners, respectively. By omissions in and completion of appropriate schedules on the tax return, petitioners indicated that the claimed dependents lived in their home in Salt Lake City for the entire year; that none had gross income of $600 or more; and that *246 the entire support of the claimed dependents had been furnished by petitioners. On October 13, 1958, respondent mailed a statutory notice of deficiency to petitioners, advising them of a deficiency in income tax for 1957 in the amount of $480 upon the disallowance of claimed exemptions for the mother and children for the reason that petitioners had failed to establish that they had furnished the chief support for the claimed dependents. During 1957, petitioner Ida H. Williams was employed as pantry assistant in Salt Lake City, Utah. During 1957, J. Williams, Jr., was employed as a porter by the Pullman Company at Salt Lake City, Utah, and worked as a Pullman porter on railroad trains to and from Salt Lake City and Butte, Montana. The following individuals are related to petitioner J. Williams, Jr., in the manner set forth: Ida Williams
Mother
Barbara Ann Daniels
Grandniece
Debra Cannon
Niece
Brenda Davis
Niece
During 1957, Ida Williams, Barbara Ann Daniels, Debra Cannon and Brenda Davis resided in Los Angeles, California. Barbara Ann Daniels has always resided with Ida Williams. In 1957, Debra Cannon and Brenda Davis resided with their mother (sister *247 of petitioner J. Williams, Jr.) for a part of the year and with Ida Williams a part of the year. Debra and Brenda began to live with Ida Williams after their mother became sick sometime in 1957. The mother of Debra Cannon and Brenda Davis derived income during 1957 from the State of California. Petitioner J. Williams, Jr., was a patient in the V. A. Hospital, Long Beach, California, for 18 days in 1957. During this time he endorsed and gave his mother, Ida Williams, two Federal government pension checks, each in the amount of $145.20. On three separate occasions in 1957, petitioner J. Williams, Jr., telegraphed further sums of money in the respective amounts of $100, $75 and $55 to his mother in Los Angeles. Petitioner Ida H. Williams made no contributions to the support of the claimed dependents in 1957. The total amount contributed to Ida Williams, Barbara Ann Daniels, Debra Cannon and Brenda Davis by petitioner J. Williams, Jr., in 1957 is $520.40, or an average of $130.10 for each. Opinion Although no brief has been filed on behalf of petitioners and we have based the foregoing findings primarily on those requested by respondent, they fairly reflect the evidence as *248 adduced on behalf of petitioners at the hearing. To some extent they even give petitioners the benefit of the doubt as to certain ambiguous testimony. It is apparent that nothing in the record supplies the missing element of petitioners' required burden of proof as to the total cost of support of the claimed dependents. In the absence of such a showing, and even assuming all other factors necessary had been proved, it is impossible to find that petitioners were the chief source of support of any one of the claimed dependents during the instant year, and without this the dependency deductions must be disallowed. Bernard C. Rivers, 33 T.C. - (Feb. 19, 1960). Decision will be entered for the respondent.